STATE *v.* GOSSETT.

(No. 95383—Decided February 18, 1971.)

Common Pleas Court, Criminal Branch, of Cuyahoga County.

*Mr. Robert E. Feighan* and *Mr. John Berena,* for plaintiff.

*Mr. Gerald S. Gold* and *Mr. Robert J. Rotatori,* for defendant.

WHITE, J.   Defendant, James A. Gossett, was jointly indicted with one, Clifford R. Duncan, on April 4, 1970, as follows:

"That Clifford R. Duncan and James A. Gossett, on or about the 20th day of March, 1970, at the county aforesaid, unlawfully, purposely, and of deliberate and premeditated malice, killed Jerry Wayne Thomas (R. C. 2901.01)."

Not in evidence but a matter of interest, on January 15, 1971, a jury returned a verdict of guilty of murder first degree (no mercy) against Clifford R. Duncan.

On February 16, 1971, after the empanelling of a jury, the trial of James A. Gossett began.   The undisputed facts as brought out by the state's case are as follows:

Clifford R. Duncan and James A. Gossett were Marines.   They rented an apartment together; they both went out on dates together.   Clifford Duncan had been dating a young lady by the name of Tammy Murphy for a few weeks.   Duncan subsequently introduced Tammy to Jerry Wayne Thomas, a young man with whom Duncan had grown up in the same neighborhood.   Tammy and Jerry Thomas subsequently announced that they were engaged to be married.   Duncan was angry at first but later told Tammy he was happy for her but if Jerry ever hurt her, he would kill him.

On the evening of March 19, 1970, the defendant,

Gossett, went to the home of Jerry Thomas and inquired of Thomas's mother if Thomas was home. Later Thomas's mother heard her son thank someone for bringing him home and about five or ten minutes later, heard gun shots. The mother then found her son, Jerry, on the back porch where he expired.

Duncan and Gossett were seen running from the back of the driveway of the Thomas's next door neighbor seconds after the shots were fired. Police went to the apartment of the defendants and found, under their bedroom window, the gun which was used to kill Thomas.

A statement was made to the police in which the defendant, Gossett, denied his presence at the time of the shooting. Subsequently, Duncan confronted the defendant, Gossett, in the presence of the police, and told Gossett to tell the truth; that Duncan had shot Thomas and that Gossett had nothing to do with it.

A second statement was made to the police by Gossett stating in effect that they, Gossett and Duncan, went to the vicinity of the deceased's home; that the defendant knew Duncan had a gun on his person; that the decedent owed them money; that Duncan and Thomas began to argue and that as defendant started to walk away, defendant heard shots; that defendant fled the scene of the killing.

After the state rested, counsel for defendant filed a motion for directed verdict, which motion was overruled. Counsel for the state and counsel for defendant then entered into a stipulation which is not important for the purposes of this discussion; that at this point, defense rested without calling any witnesses and renewed a motion for the defendant for a directed verdict.

A person who knowingly and with criminal intent (aids), (helps), (assists), (encourages) or (directs) another in the commission of a crime is regarded as if he were the principal offender and is just as guilty as if he, personally, performed every act constituting the offense.

This is not a case where the court is asked to draw an inference of intent to commit an act from circumstantial evidence, including the manner in which death resulted,

The state's own case establishes that the principal, Clifford Duncan, did the killing.

Although the crime of aiding and abetting may be shown by circumstantial evidence, this character of evidence alone will not warrant a conviction unless it excludes every reasonable hypothesis except that of guilt.

The state wishes the court to draw the inference from its circumstantial evidence of the fact that the defendant intended to participate in a killing as an aider and abettor from the circumstances it has introduced into evidence of said actions of the defendant on the day in question, namely,

(1) the fact that the defendant was in the vicinity of the deceased's home;

(2) that the defendant went to the door of the home of the deceased and asked the deceased's mother if the deceased was home;

(3) the defendant knew that the principal had a gun in his possession;

(4) that the defendant fled from the scene of the killing;

(5) the time involved.

The question then becomes whether or not the above factors are consistent only with guilt i. e., intent on the part of the defendant to participate in the form of advising, hiring, committing or counseling the principal, Clifford Duncan, to do his act, the killing of Jerry Thomas.

The state of the evidence is not such as to exclude every reasonable hypothesis of innocence. The theory of innocence as set forth in the conviction of the defendant is equally consistent with any of the above factors outlined that are present in the state's case, and therefore, the state's case does not exclude every reasonable hypothesis of innocence.

The motion of the defendant for a directed verdict is hereby granted and the defendant is ordered discharged from custody.